UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

AUG 1 7 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIEGA VELASQUEZ, INDIVIDUALLY AS REPRESENTATIVE OF THE ESTATE OF ANTONIO VELASQUEZ, DECEASED, AND AS NEXT FRIEND OF, OF ALEXIS VELASQUEZ, A MINOR<br>Plaintiffs | § § § § § § § § § § § § | C. A. No. H-04-2834<br>(formerly C.A. V-04-23) |
| V. | | |
| DEWEY ELLIS JOHNSON AND PHIL GARSIDE, INC.<br>Defendants | | |

*H-04-1855 LEAD CASE*

## FINAL JUDGMENT AS TO CLAIMS OF MINOR PLAINTIFF, ALEXIS A. VELASQUEZ AND DIEGA VELASQUEZ AS AGAINST DEFENDANTS

On this 10th day of August, 2004, this case was called for hearing and trial. The Plaintiff, DIEGA VELASQUEZ, appeared Individually and as Next Friend of her son, ALEXIS VELASQUEZ, a Minor (hereinafter referred to as "Plaintiffs"), along with Plaintiff's attorney James Perrin of the Wyatt Law Firm. Rodney Castille has been appointed by the Court as Guardian Ad-Litem for the Minor ALEXIS VELASQUEZ, and he appeared, as well. The Defendants, PHIL GARSIDE, GARSIDE TRUCKING INC. and his driver DEWEY JOHNSON (hereinafter collectively referred to as "Defendants"), appeared through their attorney, Terry Fitzgerald. A trial by jury was waived by these parties and they collectively requested the Court to hear evidence as to the proposed settlement, which, if approved, will conclude this entire case.

## I.

## **BACKGROUND**

This litigation arises out of a motor vehicle accident which occurred on October 14, 2003 near Victoria Texas. A vehicle operated by Dewey Johnson for GARSIDE TRUCKING, INC. collided with a tractor-trailer owned and operated by Antonio Velasquez, deceased. The decedent was killed instantly per the evidence in this case. The Plaintiff DIEGA VELASQUEZ was the wife of the decedent and ALEXIS VELASQUEZ was the couples then five year old son (ALEXIS' birth date is January 11, 1998).

The Court is advised the Defendants have a One Million Dollar ($1,000,000) insurance policy with Empire Fire & Marine - a Zurich Company, applicable to this October 14, 2003 accident and no other liability insurance is applicable. While the Defendants have denied liability for this October 14, 2003 accident, the Defendants' insurer, Empire Fire & Marine - a Zurich Company, has tendered immediate cash payments and future periodic payments having together total present value of $1,000,000 to settle all claims. The Court is also advised, $161,907.57 has been paid for other claims (by agreement with Plaintiffs). Immediate cash payments and future periodic payments, which together have the total present value of $838.092.43, have been offered to the Minor ALEXIS VELASQUEZ and DIEGA VELASQUEZ, and said offer has been accepted, subject to the approval of the Court. The immediate cash payments and future periodic payments which together have a total present value of $838,092.43 are delineated as follows:

## II.

## ALEXIS VELASQUEZ SETTLEMENT

The proposed terms of this settlement are for the Defendants and their liability insurance carrier Empire Fire & Marine - a Zurich Company, to pay or cause to be paid to or on behalf of ALEXIS VELASQUEZ future periodic payments as enumerated herein and in Exhibits "A" and "B", said future periodic payments having the present value of One Hundred Eighty-One Thousand Sixty-Six and 48/100 Dollars ($181,066.48), for the purchase of an annuity in full and final settlement of all claims of emotional injury, including all past, present, and future damages suffered by the Minor ALEXIS VELASQUEZ due to the loss of his father Antonio Velasquez. To fund the future periodic payments, Empire Fire & Marine - a Zurich Company, on behalf of the Defendants, will purchase an annuity for $181,066.48 which will pay ALEXIS VELASQUEZ the sum of $1,733.00 per month for life, beginning at age eighteen (18), which is January 11, 2016. The details of the annuity are set out later in this Judgment.

### A.   GUARDIAN AD-LITEM REPORT:

The Court has been advised by Rodney Castille, the Guardian Ad-Litem appointed by this Court, that the proposed settlement is fair under all of the circumstances and is in the best interest of young ALEXIS A. VELASQUEZ, the Minor. The Guardian Ad-Litem recommends the Court approve the proposed settlement and the accompanying "Settlement Agreement & Release" (Exhibit "A" attached hereto) and the Uniform Qualified Assignment (Exhibit "B" attached hereto) which provide for a structured settlement of these settlement funds.

The Guardian Ad-Litem further advises that DIEGA VELASQUEZ, as next friend of her minor son, has been counseled and had the legal effects of this Final Judgment and Release and Settlement Agreement explained to her. If these settlements are approved by this Court, DIEGA VELASQUEZ understands ALEXIS VELASQUEZ, Minor, can never refile any claims against the settling Defendants as a result of this October 14, 2003 accident and death of Antonio Velasquez.

**B.  STRUCTURED SETTLEMENT AND ALLOCATION OF MINOR'S MONEY:**

The parties and the Guardian Ad-Litem have presented to this Court a proposed Settlement Agreement & Release of the claims of ALEXIS VELASQUEZ, Minor ("Settlement Agreement") and a Uniform Qualified Assignment. The Settlement Agreement & Release is attached hereto and marked Exhibit "A" and the Uniform Qualified Assignment is attached hereto and marked Exhibit "B". The Court has reviewed same and specifically grants DIEGA VELASQUEZ, as Next Friend of ALEXIS VELASQUEZ, Minor, authority to sign both the Settlement Agreement & Release (Exhibit "A") and the Uniform Qualified Assignment (Exhibit "B") on behalf of her minor son. The Court approves the terms of both Exhibit "A" and Exhibit "B" and incorporates Exhibit "A" and Exhibit "B" into the terms of this Final Judgment.

The proposed settlement gives a complete, final and full release of PHIL GARSIDE, GARSIDE TRUCKING and DEWEY JOHNSON for any and all claims of the Minor Plaintiff for the damages suffered as a result of the loss of his father Antonio Velasquez in the October 14, 2003 accident. The Court finds and approves ALEXIS VELASQUEZ' settlement as enumerated herein, the present value of which is $181,066.48. To effectuate

the payment of the future periodic payments to ALEXIS VELASQUEZ, Defendants are ORDERED to fund the purchase of an annuity with Metropolitan Life Insurance Company, the cost of which is $181,066.48, in accordance with the terms and procedures set forth in Exhibits "A" and "B".

### III.

### MONIES TO DIEGA VELASQUEZ AND PLAINTIFFS' ATTORNEYS:

An immediate cash payment of $657,025.95 will be paid to "DIEGA VELASQUEZ and the Wyatt Law Firm," from which all costs, expenses, and attorney's fees for the Minor, ALEXIS VELASQUEZ and DIEGA VELASQUEZ will be deducted and paid.

This money, in part, is for all claims and damages the Plaintiff, DIEGA VELASQUEZ, individually, has against the Defendants as the result of the October 14, 2003 accident and the death of her husband. The Court finds the decedent Antonio Velasquez died instantly in the accident of October 14, 2003, and there is no claim for conscious pain or suffering which could be brought on behalf of any representative of the decedent's estate. The Plaintiff DIEGA VELASQUEZ has been paid for the loss of the decedent's tractor and trailer by Progressive Insurance Company and has received $60,000 from an AIG life insurance policy. If applicable, these monies/liens are the responsibility of the Plaintiff DIEGA VELASQUEZ to pay out of the proceeds from this Judgment. The Court is advised both of these potential lienholders have waived these liens in writing, and thus, should not be an issue.

### JUDGMENT

The Court hereby finds the proposed settlement for ALEXIS VELASQUEZ, a Minor, as set forth above, to be a fair and reasonable compromise of the Minors' claim for the death of his father.

This settlement is hereby found to be in the best interest of ALEXIS VELASQUEZ, a Minor. It is therefore,

ORDERED, ADJUDGED and DECREED the Minor, ALEXIS VELASQUEZ be and is hereby given a Judgment against the Defendants, PHIL GARSIDE, GARSIDE TRUCKING, INC. and DEWEY JOHNSON, jointly and severally for $181,066.48, said money to be paid as set forth above. These Defendants will be fully discharged and will have satisfied this Final Judgment upon the payment of $181,066.48 in accordance with the terms and procedures set forth in Exhibits "A" and "B" and which will effectuate the purchase of an annuity from Metropolitan Life Insurance Company, as set forth in Exhibits "A" and "B". It is further,

ORDERED, and DECREED the reasonable Ad Litem fee of Rodney Castille be the amount of $2,531.25 for the time and effort he has put forth since being appointed in this case. This fee shall be taxed as Court cost and shall be paid by the Defendants within twenty-one (21) days of the signing of this Final Judgment. Rodney Castille shall provide a W-9 (tax identification number) to Defendants for the purpose of securing payment. These monies shall be paid directly to Mr. Castille. It is further,

ORDERED, ADJUDGED and DECREED a Final Judgment is awarded to DIEGA VELASQUEZ in the sum of $657,025.95, jointly and severally against the Defendants. No pre-judgment interest will attach. Similarly, no post-judgment interest will attach if this sum is paid to DIEGA VELASQUEZ and her attorneys on or before August 31, 2004. The Plaintiffs shall provide Defendants with a Satisfaction of Judgment once these respective monies have been paid. It is further,

ORDERED, ADJUDGED and DECREED that all other court costs shall be formally assessed against the party incurring the same. It is finally,

ORDERED, ADJUDGED and DECREED all relief, not expressly granted in this Final Judgment is Denied.

SIGNED on August 13, 2004.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

APPROVED AND AGREED TO:

By: *[signature]*
Rodney Castille
Federal ID No. ~~8585~~ 8282
Four Houston Center
1221 Lamar St., Suite 1090
Houston, Texas 77010-3038
713-659-2800 Telephone
713-654-0052 Facsimile

GUARDIAN AD-LITEM FOR MINOR,
ALEXIS VELASQUEZ

By: *[signature]*
James Perrin
Federal ID No. 29481
WYATT LAW FIRM, LTD.
4825 Everhart Road
Corpus Christi, Texas 78411
(361) 857-2727 Telephone
(361) 857-8783 Facsimile

ATTORNEYS FOR PLAINTIFFS

By: _____
    Terry Fitzgerald
    Federal ID No. 15163
    Ann Tomino LeBlanc
    Federal ID No. 36647
    THE FITZGERALD LAW FIRM, P.C.
    10077 Grogan's Mill Road, Suite 540
    The Woodlands, Texas 77380
    (281) 362-9700 Telephone
    (281) 362-7676 Facsimile

ATTORNEYS FOR PHIL GARSIDE, GARSIDE TRUCKING AND DEWEY JOHNSON

## SETTLEMENT AGREEMENT & RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement"), is entered into on its date of execution by:

"Claimant"       Alexis A. Velasquez

"Defendant"     Phil Garside, Garside Trucking, Inc. and Dewey Johnson

"Insurer"        Empire Fire & Marine, a Zurich Company

Recitals

A. On or about October 14, 2003, Antonio Velasquez, the natural father of the Claimant, was killed in an accident occurring at or near Victoria, Texas. Claimant alleges that the accident and resulting bodily injuries to Claimant arose out of negligent acts or omissions of the Defendant and has made claim seeking monetary damages on account of said bodily injuries.

B. The Insurer is the liability insurer of the Defendant and as such would be obligated to pay any injury claim against the Defendant which is covered by its policy.

C. The Parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims upon the terms and conditions following:

1. Release and Discharge

In consideration of the payments called for herein, Alexis A. Velasquez (the Claimant) completely releases and forever discharges Phil Garside, Garside Trucking, Inc. and Dewey Johnson (the Defendant), Empire Fire & Marine, a Zurich Company (the Insurer) from any and all past, present or future claims. Released are all past, present and future officers, directors, stockholders, attorneys, agents, representatives, employees, successors in interest, and all other persons who were or might have been named in the complaint. This release includes all demands, actions, claims, or rights to compensation which the Claimant now has, or which may hereafter accrue as a result of the alleged act or omission. This shall be a fully binding and complete settlement between the Claimant, the Defendant and the Insurer, their assigns and successors.

**EXHIBIT "A"**

2. Payments

In consideration of the Release set forth above, the Insurer on behalf of the Defendant hereby agrees to pay the following sums:

A.   Cash payments due at the time of settlement as follows: None

B.   Periodic payments, made according to the following schedule:

PAYEE: ALEXIS A. VELASQUEZ

$1,733.00 payable monthly for life, beginning 01/11/2016 (Age 18) for 50 years certain (i.e., payable regardless of whether Alexis A. Velasquez is alive) and life. Last guaranteed payment is due 12/11/2065.

C.   All sums set forth in the section entitled Payments constitute damages on account of physical injuries, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

3. Claimant's Rights to Payments

The Defendant and/or the Insurer shall not segregate or set aside any of its assets to fund the payments to Claimant required herein, it being understood Claimant is and shall be a general creditor to the Defendant and/or the Insurer. Said payments cannot be accelerated, deferred, increased or decreased. The Claimant shall have no power to sell, mortgage, encumber, or anticipate the payments in whole, or in part, by assignment or otherwise.

4. Qualified Assignment

The Parties agree that the Defendant and/or the Insurer may make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations as are assigned to Metropolitan Insurance & Annuity Co., the Assignee. The Claimant recognizes that, in the event of such assignment, the Assignee shall be sole obligor, together with any guarantor, with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

-2-

If the liability to make the periodic payments is assigned by way of a "qualified assignment":

A.  The Periodic payments from the Assignee cannot be accelerated, deferred, increased or decreased by the Claimant;

B.  The Assignee does not provide to the Claimant rights against the Assignee that are greater than those of a general creditor; and

C.  The Assignee's obligation for payment of the periodic payments is no greater than the obligation of the assignors prior to execution of this assignment.

5. Right to Purchase an Annuity

The Defendant, the Insurer, and/or the Assignee reserve the right to fund its liability to make periodic payments through the purchase of an annuity contract from Metropolitan Life Insurance Company. The Defendant, the Insurer, and/or the Assignee shall be the owner of the annuity policy, and shall have all rights of ownership. The Defendant, the Insurer, and/or the Assignee may direct the annuity carrier, Metropolitan Life Insurance Company to mail payments directly to the Claimant. The Claimant shall be responsible for maintaining a current mailing address and evidence of survivorship with the annuity carrier, Metropolitan Life Insurance Company.

6. Attorney's Fees

Each Party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the complaint, this Settlement Agreement and the matters and documents referred to herein, the filing of a Dismissal of the Complaint, and all related matters.

7. Claimant's Beneficiary

Any payments to be made after the death of the Claimant pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by said Claimant to the Insurer or the Insurer's Assignee. If no person or entity is so designated by said Claimant, or if the person designated is not living at the time of the Claimant's death, such payments shall be made to the estate of the Claimant.

8. Discharge of Obligation

The obligation of the Defendant, and Insurer, and/or the Insurer's Assignee to make each installment payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the Party to whom the payment is required to be made

under this Settlement Agreement.

9. General Release

The Claimant hereby agrees that the Release set forth in paragraph 1 is a general release and waives and assumes the risk of any and all claims for damages which exist, whether through ignorance, oversight, error, negligence, or otherwise, and which if known, would materially affect Clamant's decision to enter into this Settlement Agreement. The Claimant further agrees to accept payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. It is understood and agreed by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendant, by whom liability is expressly denied.

10.     Warranty of Capacity to Execute Agreement

The Claimant warrants that no other person or entity has any interest in the claims referred to in this Settlement Agreement, and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

11.     Confidentiality

The Parties agree that neither they nor their attorneys nor representatives shall reveal to anyone, except as necessary for tax or investment purposes, as otherwise required by law, other than as may be mutually agreed to in writing, any of the terms of this Settlement Agreement and Release or any of the amounts, numbers or terms and conditions of any sums payable to Claimant hereunder.

12.     Entire Agreement and Successors in Interest

This Settlement Agreement contains the entire agreement between the Claimant, the Defendant and the Insurer with regard to the matters set forth herein and shall be binding upon and enure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

13.     Representation of Comprehension of Document

In entering into this Settlement Agreement, the Claimant represents that he has completely read the terms of this Settlement Agreement, that it has been fully explained to him by his

-4-

attorneys, and that all terms of this Agreement are fully understood and voluntarily accepted by him.

14. **Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Texas.

15. **Additional Documents**

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

None of the Parties released, nor the Defendant's assignee have made any representations concerning, nor shall they be responsible in any manner for, the income tax consequences to the Claimant by reason of the Claimant's execution of this Agreement, or any payment made pursuant to this Agreement, or the execution of an assignment referenced in this Agreement, or any payments made pursuant to that assignment.

16. **Effectiveness**

This Settlement Agreement shall become effective following execution by all of the Parties.

Executed this 12 day of August, 2004.

_____
Diega Velasquez
Next Friend

_____
James Perrin
Wyatt Law Firm, Ltd.
4825 Everhart Road, Suite 1
Corpus Christi, Texas 78411-2745

Attorney for Claimant

## Uniform Qualified Assignment

"Claimant"        Alexis A. Velasquez

"Assignor"        Empire Fire & Marine, a Zurich Company

"Assignee"        Metropolitan Insurance & Annuity Co.

"Annuity Issuer"  Metropolitan Life Insurance Company

"Effective Date"

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A. Claimant has executed a settlement agreement or release dated _August 12_, 2004 (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 (the "Periodic Payments"); and

B. The parties desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986 (the "Code").

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1. The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1

2. The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections (104)(a)(2) and 130(c) of the Code.

3. The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered.

4. The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

5. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Pennsylvania.

6. The Assignee may fund the Periodic Payments by purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Code in the form of an annuity contract issued by the Annuity Issuer. All rights of ownership and control of such annuity contract shall be and remain vested in the Assignee exclusively.

7. The Assignee may have the Annuity Issuer send payments under any "qualified funding asset" purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or any Payee with any rights of ownership or control over the "qualified funding asset" or against the Annuity Issuer.

**EXHIBIT "B"**

Addendum No. 1
Description of Periodic Payments

PAYEE: ALEXIS A. VELASQUEZ
BENEFICIARY: ESTATE OF ALEXIS A. VELASQUEZ
DESCRIPTION OF PERIODIC PAYMENTS:

$1,733.00 payable monthly, beginning 01/11/2016 (Age 18) for 50 years certain and life.
Last guaranteed payment is due 12/11/2065.

Initials:

Assignor:_____

Assignee:_____

Diega Velasquez: D.V.

AUG. 12 2004 12:19 FR DILLONS 005
08/12/2004 10:42 FAX
Case 4:04-cv-01855 Document 9 Filed in TXSD on 08/13/04 Page 18 of 18
WALL LAW FIRM LLP
913618578783
P.03

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event the Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

Assignor: Empire Fire & Marine, a Zurich Company

By: _____
        John Lemek

Title:   Vice-President

Assignee: Metropolitan Insurance & Annuity Co.

By: _____
        Authorized Representative

Title: _____

_____
Diega Velasquez, as Natural Mother
and Next Friend